JANER ET AL. *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 105.—Decided January 16, 1912.

CANCELLATION OF REFERENCE TO ENCUMBERANCE—ORDER DIRECTING CANCELLATION—REMEDIABLE DEFECT.—The provisions of paragraph 4 of article 104 of the Mortgage Law requiring that the entry of the cancellation of all records shall contain the names of the persons interested therein are not applicable in a case where no record of the encumbrance ordered canceled exists but merely a reference thereto in the record of the property, therefore the fact that the order directing the cancellation does not contain the names of the creditors in whose favor the reference to the encumbrance was made is not a remediable defect.

ID.—REFERENCE TO ENCUMBRANCE—MANNER OF SECURING CANCELLATION—MARGINAL NOTE.—It is not necessary for the purpose of canceling the reference to an encumbrance in the record of a property that an entry of cancellation be made, all that is necessary being to enter a note on the margin of the last entry of the property setting forth the cancellation, and this note does not necessarily have to possess the conditions requisite for the cancellation of a record.

ID.—ACTION TO SECURE RELEASE—PROCEDURE FOR CANCELING REFERENCE TO ENCUMBRANCE.—In order to carry into effect the cancellation of the reference to an encumbrance in the record of a property it is not necessary to bring an action for the release of encumbrances, as provided for in article 13 of the Mortgage Law, for that is not a case which can be said to fall within the class mentioned specifically in article 347 of said law, it being possible for the interested parties to secure such cancellation by bringing an ordinary action.

ID.—ACTION TO RESCIND—REFERENCE TO ENCUMBRANCE IN RECORD.—The reference to an encumbrance in the record of a property made in favor of unknown creditors is not equivalent to a record of an action to rescind in favor of such creditors and, therefore, does not fall within the provisions of paragraph 3 of article 23 of the Mortgage Law.

The facts are stated in the opinion.

The appellants appeared in their own behalf.

MR. JUSTICE ALDREY delivered the opinion of the court.

From the books of the Registry of Property of Caguas it appears that María Carballo y Gil bought and recorded, by virtue of the deed of purchase, a farm consisting of 67 *cuerdas* situated in *barrio* Tomás de Castro, within the municipality of Caguas.

In the second entry made of this property, page 220, over, of volume 10 of the municipality of Caguas, property No. 533, it is stated that María Carballo died on June 21, 1892, after having made certain testamentary dispositions, subsequently declared to be a will, in which, after making the statement that her second husband, Francisco Osuna, had contracted some debts, she declared it to be her will that the estate left by her at her death should be made to answer for these obligations, and designated two brothers as the heirs to one-half of the estate and her husband as the heir to the other half. In the partition made of her estate Francisco Osuna was awarded the property above referred to as his share of the inheritance, and he recorded it in his own name under title of inheritance, without prejudice to the rights of third persons.

In this same entry it was further stated that the award of the property was made on condition that the recipient should assume the obligation to pay the debts the existence of which were acknowledged by Mrs. Carballo in her testamentary dispositions. It seems that the farm is now the property of appellants herein, who presented to the registrar a certified copy of the order of the court issued by the clerk of the municipal court of Caguas, setting forth that in the matter of the suit for the extinguishment of the debts and the cancellation of the encumbrance expressed in the record of the property aforesaid brought by Julio B. Janer Márquez and his wife, Rosa Vilá Santana, against the unknown creditors mentioned in the will of María Carballo Gil, the court rendered judgment holding that said creditors have no legal right to claim from Julio B. Janer Márquez and his wife,

Rosa Vilá Santana, the entire debt amounting to $450, which is the value of the whole property affected by the encumbrance created by the will, that said debt was totally extinguished, and that the registrar should cancel the encumbrance appearing in his books.

The cancellation ordered and set forth in the decree above referred to was carried out by the registrar, who, however, pointed out certain curable defects in his memorandum entered at the end of the said order, which reads as follows:

"The cancellation referred to in the foregoing document has been made on the margin of the first records of properties Nos. 1234 and 1235, pages 134, over, and 140 of volume 25 of this municipality. The order directing the cancellation contains the curable defect of being insufficient, because although it is the proper course to pursue for the purpose of securing the cancellation sought, nevertheless it is not complete, because it does not state the names of the persons in whose favor the encumbrance to secure the debts was placed on the property at the time it was awarded to Francisco Osuna López, since, according to article 104 of the Mortgage Law, the cancellation of all records must necessarily contain the names of the parties interested in the records, wherefore it should have made mention of the creditors of Francisco Osuna López, whose names cannot be included in the record because they are not given in the order directing the cancellation. Hence the record is insufficient and is vitiated by the aforesaid curable defect under article 149 of the Regulations for the enforcement of the Mortgage Law. Now, then, if the names of the creditors cannot be given inasmuch as all that these creditors have in their favor in the records is a rescissory action the explicit cause of which appears expressed in the registry, then, according to paragraph 3 of article 23 of the Mortgage Law, the owner of the property may free it from liability under such action provided it shall have been extinguished under the provisions of article 347, paragraph 4, of said law. Caguas, P. R., June 7, 1911."

From the decision of the registrar above transcribed Julio B. Janer and his wife took this appeal praying for the reversal of the said decision holding the aforesaid curable defects to exist.

The first defect set out by the registrar is that the order

does not state the names of the persons in whose favor the encumbrance of the property was created, and he deems this formality to be necessary in order that it may be considered complete.

Although it is true that paragraph 4 of article 104 of the Mortgage Law provides that the names of the persons interested in the records should be set forth in the entry of cancellation, wherefore they ought to be given in the instrument used for the purpose of securing the cancellation, however, inasmuch as in the present case no record of the encumbrance ordered canceled exists, but merely a reference thereto in the record of the property, it is not necessary for the purpose of canceling such record that an entry of cancellation be made, all that is necessary being simply to enter a note on the margin of the last entry of the property setting forth the cancellation, and this note does not necessarily have to possess the conditions requisite for the cancellation of a record, in view of which facts the mention made of the curable defects referred to was not proper. See the decision of the General Directorate of Registries of Spain of November 5, 1883, and the Royal Decree of April 12, 1884.

In regard to the second defect pointed out by the registrar, we hold that he cannot properly maintain that such creditors have in their favor the record giving them the right to a rescissory action extinguishable only by release, for on March 9 of last year in our decision of an appeal involving the cancellation of a similar entry we said:

"We are unable to see why in order to carry into effect this attempted cancellation it should be necessary to bring an action for the release of encumbrances provided for in article 13 of the Mortgage Law, as this is not a case which can be said to fall within the class specifically mentioned in article 347 of said law. The interested parties may well assert their rights by following the ordinary procedure in a proper action prosecuted before a court of competent jurisdiction.

"The arguments advanced in support of this appeal would have a fit application in sustaining the action suggested.

"We may cite in support of our opinion the decisions of the General Directorate of Registries of Spain of April 16, 1878, October 10, 1879, and December 16, 1889." *Janer et al. v. Registrar,* 17 P. R. R., 244.

In view of the reasons above set forth the decision of the Registrar of Property of Caguas, as regards the two curable defects recorded when making the cancellation of the encumbrance involved in this appeal, must be reversed.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and del Toro concurred.